BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
ELAINE A. RYAN (6318750)
CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
NADA DJORDJEVIC (6277380)
922 Davis St.
Evanston, IL 60201
ndjordjevic@bffb.com
Telephone: (602) 274-1100

*Attorneys for Plaintiffs*
*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO COLUCCI, and VIENNA COLUCCI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC, and WHOLE FOODS MARKET PACIFIC NORTHWEST INC.,<br><br>Defendants. | Case No. 1:19-cv-08379<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Honorable John J. Tharp Jr. |

1 Plaintiffs respectfully request that this Court take judicial notice of the following exhibits to the Declaration of Laurence D. Paskowitz in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss, filed concurrently herewith:

   1. **Exhibit A:** a true and correct copy of an evidentiary stipulation signed by all parties dated June 22, 2020 and entitled, "STIPULATION RE: STATEMENTS RELATING TO PERSONAL JURISDICTION ISSUES.", as submitted to the United States District Court for the Central District of California in *Berke v. Whole Foods Market, Inc.,* CV 19-7471 PSG (KSx), D.E. 53-2.

   2. **Exhibit B:** a true and correct copy of the Starkey Water 2020 Bottled Water Report contained today on the Starkey Water website at https://starkeywater.com/wp-content/uploads/2020/06/Starkey-Water-2020-CA-Water-Quality-Report-English.pdf.

   3. **Exhibit C:** a true and correct excerpt of that portion of the website maintained by WFM Services, Inc. for Whole Foods describing "Conditions of Use" which can be found today at https://www.wholefoodsmarket.com/legal/conditions-of-use.

   4. **Exhibit D:** a true and correct excerpt of that portion of the website maintained by WFM Services, Inc. for Whole Foods which exhibits the Starkey Water product and describes certain attributes of Starkey Water and can be found today at https://www.wholefoodsmarket.com/legal/conditions-of-use.

   5. **Exhibit E:** a true and correct excerpt of that portion of the website maintained by WFM Services, Inc. for Whole Foods exhibiting local Illinois shopping specials which can be found today at https://www.wholefoodsmarket.com/sales-flyer?store-id=10458.

   6. **Exhibit F:** a true and correct excerpt of that portion of the website maintained by WFM Services, Inc. exhibiting gift cards offered for sale to Illinois consumers and others which can be found today at https://wholefoods.buyatab.com/custom/wholefoods/?page=giftcards.

   7. **Exhibit G:** a true and correct copy of the order granting in part and denying in part the motion to dismiss filed in *Berke v. Whole Foods Market, Inc.,* CV 19-7471 PSG (KSx) (C.D. Cal.), D.E. 57.

### I. Legal Standard

A federal court may take judicial notice "at any stage of the proceeding" "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2), (d). Judicial notice is properly taken if the requested documents are "not subject to reasonable dispute" as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

### II. The Court May Take Judicial Notice of Exhibits A and G Because They Are Records of the Northern District of California Court in a Related Matter.

Exhibits A (a stipulation submitted by the plaintiff and WFM Services) and G (the court's order on Defendants' motion to dismiss) are records of the Northern District of California in the related Starkey Water case pending there. As such, the Court may properly take judicial notice of them. *SG & Co. Northeast, LLC v. Good*, 461 B.R. 532, n. 3 (N.D. Ill. 2011) ("The court can take judicial notice not only of its own records but also of the records of other courts in related matters") (citing *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("This court, however, has the power, in fact the obligation, to take judicial notice of … proceedings in other courts … if the proceedings have a direct relation to matters at issue") (internal quotations omitted)). Indeed, "Courts 'routinely take judicial notice of the actions of other courts or the contents of filings in other courts.'" *World Water Works Holdings, Inc. v. Continental Casualty Co.*, 392 F. Supp. 3d 923, 932 (N.D. Ill. 2019) (quoting *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016)).

### III. The Court May Take Judicial Notice of Exhibits B-F Because They Pertain to Plaintiffs' Personal Jurisdiction Analysis and Plaintiffs Relied on Them in Asserting Their Claim

Plaintiffs seek to use Exhibits B-F to support their personal jurisdiction arguments. Courts have taken notice of defendants' websites or characteristics thereof when determining personal jurisdiction. *Publications Intern., Ltd. v. Burke/Triolo, Inc.*, 121 F. Supp. 2d 1178, 1182 n.2 (N.D. Ill. 2000) (taking judicial notice of defendant's website features as "further indication that [defendant] was using its website to try and drum up business in Illinois…"), *abrogation on other grounds recognized by Acuity v. Roadtec, Inc.*, 2013 WL 6632631 (N.D. Ill. 2013); *W. Marine, Inc. v. Watercraft Superstore, Inc.*, 2012 WL 479677, at *10 (N.D. Cal. Feb. 14, 2012) (collecting

cases). *Accord, Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of defendants' website in personal jurisdiction analysis); *Almquist v. Synergo, LLC*, 2016 WL 8732503 at *4 n.4 (D. Or. May 20, 2016) ("In the context of Almquist's prima facie showing on a motion to dismiss for lack of personal jurisdiction, the Court may consider the information provided by ACCT and Synergo on their commercial websites").

Alternatively, Exhibits B-F may be considered because Plaintiffs relied extensively on the Whole Foods website in their Complaint. D.E. 1, ¶¶ 1 nn.1-2, 6 and n.6, 11, 18, 21 and nn.11-15. Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiffs' action is based upon the document. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (collecting cases); *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 972-73 (N.D. Ill. 2014) (documents that are critical to the complaint and referred to in it are considered part of the pleadings and may be considered on a motion to dismiss). For example, in *Kellman v. WFM Private Label, L.P.*, 2019 WL 1429576, at *3-4, *7-8 (N.D. Cal. Mar. 29, 2019), the Court held WFM Services subject to California personal jurisdiction, and in doing so relied extensively on the contents of the Whole Foods website based on Whole Foods' acknowledgement that it was responsible for the website contents. *Id.* at *3 nn.26-27. Here, too, Plaintiffs obtained WFM Services' admission that it is responsible for the content on the Whole Foods website. *See* Paskowitz Dec, Exh. A, ¶ 9(i).

**IV. Conclusion**

Based on the foregoing, Plaintiffs respectfully request the Court take judicial notice of Exhibits A-G.

Executed this 6th day of October 2020.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**

s/Elaine A. Ryan
ELAINE A. RYAN (6318750)
CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300

Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
NADA DJORDJEVIC (6277380)
922 Davis St.
Evanston, IL 60201
ndjordjevic@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (AZ 020191)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

THE PASKOWITZ LAW FIRM P.C.
LAURENCE D. PASKOWITZ (*Admitted Pro Hac Vice*)
208 East 51st Street, Suite 380
New York, NY 10022
212-685-0969
lpaskowitz@pasklaw.com

ROY JACOBS & ASSOCIATES
ROY L. JACOBS (*Admitted Pro Hac Vice*)
420 Lexington Avenue, Suite 2440
New York, NY 10170
212-867-1156
rjacobs@jacobsclasslaw.com

LAW OFFICES OF DAVID N. LAKE,
A Professional Corporation
DAVID N. LAKE (*To Be Admitted Pro Hac Vice*)
16130 Ventura Boulevard, Suite 650
Encino, California 91436
(818) 788-5100
david@lakelawpc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 6th day of October 2020.

            *s/ Elaine A. Ryan*
            Elaine A. Ryan