BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (6318750)
CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
NADA DJORDJEVIC (6277380)
922 Davis St.
Evanston, IL 60201
ndjordjevic@bffb.com
Telephone: (602) 274-1100

*Attorney for Plaintiffs*
*Additional attorneys on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LORENZO COLUCCI, and VIENNA COLUCCI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC,<br><br>Defendant. | Case No. 1:19-cv-08379<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Honorable John J. Tharp Jr. |

Plaintiffs Lorenzo Colucci and Vienna Colucci, by and through their undersigned counsel, respectfully request that this Court take judicial notice of the following exhibits to the Declaration of Laurence D. Paskowitz in support of Plaintiffs' Motion for Leave to File a Surreply Brief in Opposition to Defendant's Motion to Dismiss ("Paskowitz Dec."), filed concurrently herewith.

---

RJN ISO MOTION FOR LEAVE TO FILE SURREPLY

1. **Exhibit B:** Excerpts of the 30(b)(6) deposition of Jay Warren taken on October 19, 2018 in *Kellman v. WFM Private Label, L.P.*, Case No. 17-cv-06584-LB (N.D. Cal.).
2. **Exhibit C:** Declaration of Jay Warren dated April 5, 2018 and submitted in *Kellman v. WFM Private Label, L.P.*, Case No. 17-cv-06584-LB (N.D. Cal.).
3. **Exhibit D:** A screenshot of Defendant's webpage found at https://www.wholefoodsmarket.com/shop/HDP/3516.
4. **Exhibit E:** A screenshot of Defendant's webpage showing the "Review Cart" feature.
5. **Exhibit F:** A screenshot of Defendant's webpage showing "Pickup Information" for the online purchase made.
6. **Exhibit G:** A screenshot of Defendant's webpage titled "Game Day."
7. **Exhibit H:** A screenshot of Defendant's webpage titled "365 Spiral-Sliced Ham (Cooked)."
8. **Exhibit I:** A screenshot from 2019 of Defendant's webpage titled "Shop Online."
9. **Exhibit J:** A screenshot from 2017 of Defendant's webpage titled "Shop Online."
10. **Exhibit K:** A screenshot from 2018 of Defendant's webpage titled "Meals & Catering."

Exhibits I-K were retrieved from the Internet Archive, web.archive.org (also known as the "Wayback Machine"), and the top of each exhibit displays the relevant URL.

**I.      Legal Standard**

A federal court may take judicial notice "at any stage of the proceeding" "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2), (d). Judicial notice is properly taken if the requested documents are "not subject to reasonable dispute" as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**II.     The Court May Take Judicial Notice of Exhibits B and C Because They Are Records of the Northern District of California Court in a Related Matter and Are Statements Made By An Opposing Party.**

Exhibits B (excerpt of Defendant's 30(b)(6) witness deposition transcript) and C (declaration of same) are records of the Northern District of California in a similar class action against Whole Foods corporate entities, including Whole Foods Market Services, Inc., alleging causes of action for food mislabeling. *See Kellman v. WFM Private Label, L.P.*, 2019 WL 1429576, at *1 (N.D. Cal. Mar. 29, 2019). Both were considered by the *Kellman* court. *Id.* at *2 n. 13; *3 nn.17, 19, 26; *7 n. 48. As such, the Court may properly take judicial notice of them. *SG & Co. Northeast, LLC v. Good*, 461 B.R. 532, n. 3 (N.D. Ill. 2011) ("The court can take judicial notice not only of its own records but also of the records of other courts in related matters") (citing *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("This court, however, has the power, in fact the obligation, to take judicial notice of … proceedings in other courts … if the proceedings have a direct relation to matters at issue") (internal quotations omitted)). Indeed, "Courts 'routinely take judicial notice of the actions of other courts or the contents of filings in other courts.'" *World Water Works Holdings, Inc. v. Continental Casualty Co.,* 392 F. Supp. 3d 923, 932 (N.D. Ill. 2019) (quoting Daniel v. Cook Cty., 833 F.3d 728, 742 (7th Cir. 2016)).

The statements Mr. Warren made in Exhibits B and C also are not hearsay because they are offered against an opposing party and were made "in an individual or representative capacity" by someone who was "authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(A) and (C). *Kellman*, 2019 WL 1429576, at *3 (Mr. Warren was "Senior Global Litigation Counsel" and the Rule 30(b)(6) representative for WFM Services); *see also Eidson v. Audrey's CTL, Inc.*, 621 N.E. 2d 921, 923 (Ill. App. 1993) (party is bound by admissions made at discovery deposition).

**III.    The Court May Take Judicial Notice of Exhibits D-K Because They Are Statements Made on the Whole Foods Website, Which Defendant Admits It Controls.**

Exhibits D-K are screenshots of the Whole Foods website, which Defendant admits it operates. D.E. 37-2, at ¶ 9(i). Thus, the Court may take judicial notice of Exhibits D-K. *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 632 n. 13 (N.D. Ill. 2019) (taking

judicial notice of statements made on defendant's website because "the court may take judicial notice of undisputed material hosted on a party's public website") (citing *Newbold v. State Farm Mut. Auto Ins. Co.*, 2015 WL 13658554, at *4 n.7 (N.D. Ill. Jan. 23, 2015) (citing *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 944 n.3 (7th Cir. 2010)).

In addition, "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, *see* Fed.R.Evid. 201." *Hepp v. Ultra Green Energy Servs., LLC*, 2016 WL 1073070, at *2 n.1 (N.D. Ill. Mar. 18, 2016) (citation omitted). *Accord*, *Campbell v. SI Wireless, LLC*, 2017 WL 38878, at *3 n.5 (S.D. Ill. Sep. 5, 2017) (Wayback Machine snapshot accepted as evidence); *Joe Hand Promotions, Inc. v. Eileen Killeen & Black Cat Corp.,* 2015 U.S. Dist. LEXIS 193012, at *4 n.4 (N.D. Ill. Dec. 22, 2015) (relying on Wayback Machine screenshot); *Under a Foot Plant, Co. v. Exterior Design, Inc.,* 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015) ("District courts have routinely taken judicial notice of content from The Internet Archive pursuant to [Fed. R. Evid. 201(b)]."); *Pond Guy, Inc. v. Aquascape Design, Inc.,* 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) (taking judicial notice of the parties' historical presence as represented by the Internet Archive because "[a]s a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for taking of judicial notice").

**IV. Conclusion.**

Based on the foregoing, Plaintiffs respectfully request the Court take judicial notice of Exhibits B-K.

Dated: November 9, 2020

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**

*s/Elaine A. Ryan*
ELAINE A. RYAN (6318750)
CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com

claliberte@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
NADA DJORDJEVIC (6277380)
922 Davis St.
Evanston, IL 60201
ndjordjevic@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (AZ 020191)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

THE PASKOWITZ LAW FIRM P.C.
LAURENCE D. PASKOWITZ (*Admitted Pro Hac Vice*)
208 East 51st Street, Suite 380
New York, NY 10022
212-685-0969
lpaskowitz@pasklaw.com

ROY JACOBS & ASSOCIATES
ROY L. JACOBS (*Admitted Pro Hac Vice*)
420 Lexington Avenue, Suite 2440
New York, NY 10170
212-867-1156
rjacobs@jacobsclasslaw.com

LAW OFFICES OF DAVID N. LAKE,
A Professional Corporation
DAVID N. LAKE (*To Be Admitted Pro Hac Vice*)
16130 Ventura Boulevard, Suite 650
Encino, California 91436
(818) 788-5100
david@lakelawpc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 9th day of November 2020.

                                        *s/ Elaine A. Ryan*
                                        Elaine A. Ryan