IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORENZO COLUCCI, and VIENNA COLUCCI, on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19-CV-8379 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| WHOLE FOODS MARKET SERVICES, INC., and WHOLE FOODS MARKET PACIFIC NORTHWEST, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lorenzo Colucci and Vienna Colucci, on behalf of themselves and similarly situated persons, filed this class action suit against Whole Foods Market Services, Inc. ("WFM Services") and Whole Foods Market Pacific Northwest, Inc. for selling Starkey Spring Water. The plaintiffs allege that the sale of Starkey Water violated the Illinois Consumer Fraud and Deceptive Business Practices Act because the product contained undisclosed, high levels of arsenic. Following jurisdictional discovery, Plaintiffs voluntarily dismissed Whole Foods Market Pacific Northwest, leaving WFM Services as the lone defendant. WFM Services contends this suit should be dismissed for lack of personal jurisdiction, lack of Article III standing, express preemption, and failure to establish a plausible claim for relief. Finding the issue of personal jurisdiction dispositive, this Court grants WFM Services' motion to dismiss.

## BACKGROUND[1]

Plaintiffs Lorenzo Colucci and his sister, Vienna Colucci, are Illinois citizens. Compl. ¶¶ 15, 16. WFM Services oversees marketing and advertising for Whole Foods Market private label products and operates Whole Foods' national website. *Id.* ¶ 11. It is incorporated in Delaware, with its principal place of business in Texas. *Id.*

The Coluccis allege that they purchased Starkey Water at Whole Foods, during the Class Period, because of Whole Foods' reputation for the "strictest quality standards." *Id.* ¶¶ 16, 17, 23. Lorenzo Colucci, in particular, is conscious of the products he consumes because he is a stage 4 cancer survivor. *Id.* ¶ 16. Little did the plaintiffs know that Starkey Water contains arsenic in much higher levels than other bottled waters on the market.

For context, the Food and Drug Administration has set the maximum threshold for arsenic in water at 10 parts per billion ("ppb"). *Id.* ¶ 22. An FDA spot check of Starkey Water in 2016 led to a recall, after finding arsenic levels above the federal limit. *Id.* An April 2019 *Consumer Reports* test revealed that samples of the water flirted with or exceeded the FDA threshold, with levels ranging from 9.48 to 10.1 ppb. *Id.* Starkey Water's labelling does not disclose its arsenic levels and states that its "purity has been protected for 11,000 years" and it "gushes forth . . . with beneficial minerals." *Id.* ¶ 21. Had the plaintiffs known that Starkey Water contained high levels of arsenic relative to other bottled waters, they allege "they would not have purchased it, and certainly would not have paid a premium for it." *Id.* ¶¶ 5, 34.

---

[1] For the purposes of this motion, the court accepts all of the plaintiffs' factual allegations as true and draws all reasonable inferences in their favor.

The Coluccis filed this suit on December 20, 2019, on behalf of themselves and similarly situated individuals.[2] Following jurisdictional discovery, Plaintiffs voluntarily dismissed Whole Foods Market in August 2020.

## DISCUSSION

WFM Services argues that the Court lacks personal jurisdiction over it and should accordingly dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2). Though the complaint need not set forth facts alleging personal jurisdiction, "once the defendant moves to dismiss the complaint . . . for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). At this stage, all of the plaintiffs' factual allegations are deemed true. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Yet, if the defendant provides an affidavit in support of lack of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 388 F.3d at 783. If no material facts are in dispute and no evidentiary hearing necessary, the plaintiffs must only make a *prima facie* case for personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

This case comes to the Court on the basis of diversity, and therefore this Court may only exercise personal jurisdiction if an Illinois state court would have such jurisdiction. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). The Illinois long-arm

---

[2] The plaintiffs' counsel filed another consumer class action concerning Starkey Water against Whole Foods Market California, WFM Services, Allegro Coffee Company, and Mrs. Gooch's Natural Foods Markets, Inc. in the Central District of California on August 28, 2019. *Berke v. Whole Foods Market, Inc.*, No. CV 19-7471 PSG (KSx), 2020 WL 5802370, at *2 (C.D. Cal. Sept. 18, 2020). The court granted WFM Services' motion to dismiss for lack of personal jurisdiction in that case.

statute provides that a court may exercise jurisdiction on any grounds allowed by the Illinois Constitution and the Federal Constitution. 735 Ill. Comp. Stat. 5/2-209(c). Because the Illinois Constitution is co-extensive with the Federal Constitution, jurisdiction is proper as long as it meets due process requirements. *Noboa v. Barcelo Corporacion Empresarial, SA*, 812 F.3d 571, 572 (7th Cir. 2016).

Personal jurisdiction may be either general or specific. As both parties agree that general jurisdiction does not exist here, this discussion is limited to specific personal jurisdiction. To establish specific jurisdiction, first, "the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019). Second, the plaintiff's alleged injury "must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1780 (2017) (internal quotations omitted). And finally, "any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Lexington Ins. Co.*, 938 F.3d at 878.

The plaintiffs argue that WFM Services should be subject to personal jurisdiction in Illinois because its nationwide advertisements are accessible in Illinois. The Whole Foods website reaches millions of Illinois consumers, suggests specific Illinois stores where products are sold, and highlights the health benefits of Whole Foods' products, including Starkey Water. In their sur-reply, the plaintiffs make much of the fact that individuals can purchase some items directly from the Whole Foods site. Specifically, they point to the site's "game day" feature, which allows consumers to buy catering platters and certain other food products directly from the site. According to the plaintiffs: "There is no need for an Illinois consumer to visit any other website to effectuate

4

a sale; that sale can be completed from beginning to end on the WFMS site." Sur-Reply at 2, ECF No. 50. Screenshot evidence supports the plaintiffs' claim that certain products are available for purchase directly through the Whole Foods website, though they do not allege, and there is no evidence to support, that Starkey Water is one such product. *See* Pl.'s Ex. A, ECF 47-3; Ex. B, ECF 47-4.

WFM Services counters that it is not subject to personal jurisdiction in Illinois because of its limited connection to Starkey Water and provides an affidavit from Timothy Horn, a Global Litigation Paralegal, for support.[3] According to WFM Services, Starkey Water is not a Whole Foods private label product, and therefore WFM Services is not responsible for its marketing or promotion. Rather, Starkey Water is a product of Allegro Coffee Company, another subsidiary of Whole Foods Market, Inc. It is Allegro that controls its development, production, distribution, and marketing. WFM Services is not involved in any of these decisions nor does it design Starkey Water's product labels.

WFM Services does, however, control the content and design of Whole Foods' website. The website includes a page on Starkey Water, with a feature for consumers to search and discover

---

[3] The plaintiffs argue that the affidavit should be disregarded and/or stricken from the record because it contains hearsay, was made by a paralegal without personal knowledge of the facts, and does not include business records to support Horn's assertions. As other courts in this district have recognized, and this court agrees, it is not clear if the plaintiffs are correct in arguing that an affidavit supporting a Rule 12(b)(2) motion must comport with the hearsay rule. *See Philips Medical Sys. (Cleveland), Inc. v. Buan*, No. 19 CV 2648, 2021 WL 83736, at *3-4 (N.D. Ill. Jan. 11, 2021) (collecting cases); *Shanghai Daisy, LLC v. PositivEnergy, Inc.*, No. 19 C 5901, 2020 WL 4365883, at *4 (N.D. Ill. July 30, 2020). WFM Services contends that the declaration is not hearsay because Horn has personal knowledge of Whole Foods' corporate structure and that of its associated entities. The Horn Declaration does not contain any legal conclusions or any allusions to business records. As a result, the Horn Declaration can be considered for the limited purpose of supporting the defendants' assertions on WFM Services' responsibilities and relationship to Starkey Water.

if it is available at their local Whole Foods store, including those in Illinois. The page also features different icons suggesting the water's health benefits as well as a picture of the front and back of the Starkey Water bottle. If a consumer would like to buy Starkey Water online, she is directed away from the Whole Foods site to Amazon to purchase the product. WFM Services does not participate in those sales nor does it manage or operate Amazon's website.

Because WFM Services' connection to Starkey Water is limited to its website operation, the question of personal jurisdiction here is one of internet-based contacts and injuries. The Seventh Circuit has repeatedly declined to craft a special jurisdictional test for internet-based cases. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). It has, however, urged that "[s]ignificant caution is certainly appropriate when assessing a defendant's online contacts with a forum to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Id.* at 400. With that in mind, the Court turns to WFM Services' contacts with Illinois and the plaintiffs' forum-based injuries.

I. **WFM Services' Relationship with Illinois**

Under the first prong of the specific jurisdiction analysis, the Court evaluates whether the defendant purposefully directed its activities at the forum state, even in the absence of physical contacts. *Curry*, 949 F.3d at 398. Applied here, it is first necessary to determine whether WFM Services' general website operations or its Starkey Water-specific conduct is at issue. According to the Seventh Circuit, only the "litigation-specific conduct of the defendant in the proposed forum state" matters for purposes of personal jurisdiction. *Advanced Tactical Ordnance Sys, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (finding that the only relevant sales were those connected to the appellee's "allegedly unlawful activity"); *see also Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 ("specific jurisdiction is confined to adjudication of issues deriving from,

6

or connected with, the very controversy that establishes jurisdiction"). The sale of other products through the Whole Foods site thus remains tangential to this analysis; it is only WFM Services' activities related to Starkey Water that matter.

As discussed above, WFM Services' connection to Starkey Water is limited to an informational page on its website, through which customers can find out if the product is available at their local store. A website that merely provides information and is accessible in a forum state is insufficient to establish minimum contacts. *See Illinois v. Hemi Group LLC*, 622 F.3d 754, 759 (7th Cir. 2010) (recognizing the "accepted notion that a website that provides only information does not create the minimum contacts necessary to establish personal jurisdiction over a defendant in a particular state"). Even to the extent that its search feature renders the site "interactive," an interactive website does not necessarily suffice for minimum contacts purposes either. *See Advanced Tactical Ordnance Systems, LLC*, 751 F.3d at 803 ("Having an 'interactive website' . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market.")

In *Hemi Group*, for example, Illinois customers could—and hundreds did—use Hemi's interactive website to purchase cigarettes (the product at issue), calculate shipping costs by entering their zip codes, and have them shipped to their Illinois residences. *Id.* at 757-58. Further, the court found that the defendant's exclusion of New York state from its customer pool spoke to its intentional targeting of the other 49 states, including Illinois, for business. 622 F.3d at 758. The defendant therefore had specifically "reach[ed] out to residents of Illinois" in its business dealings, which justified the finding of minimum contacts. The case of *uBid, Inc. v. GoDaddy Group, Inc.*,

7

623 F.3d 421 (7th Cir. 2010), provides another instructive example of internet-based personal jurisdiction, and one on which the plaintiffs rely heavily in forming their argument. There, the court held that the defendant's exploitation of the Illinois market through a national advertising campaign for its domain name registration service (the action at issue) constituted purposeful availment.

Neither of these cases provide a parallel to the situation here. The Coluccis have not shown that WFM Services targeted Illinois in selling Starkey Water by enabling consumers to buy it directly through the Whole Foods site, limiting its customer pool to certain states, or conducting a nationwide advertising campaign for the product. They have alleged only that WFM Services operated an informational web page for the product. That alone is insufficient to finding WFM Services purposely directed its activities towards Illinois.

## II. WFM Services' Relationship to Injury

Even if this Court were to find that WFM Services intentionally targeted Illinois in selling Starkey Water, the plaintiffs have failed to establish that their injuries arose out of or were related to WFM Services' forum-related activities. The Coluccis concede they suffered no physical injury—they characterize their injury as economic because they would not have purchased, or paid a premium for, Starkey Water had they known it contained arsenic. The question thus boils down to whether the plaintiffs bought Starkey Water based on, or in connection with, WFM Services' forum-related activities, namely its operation of the Whole Foods website.

The simple answer is no. Nothing in the complaint suggests that the Coluccis purchased Starkey Water because they viewed it on the Whole Foods website. Indeed, the closest the plaintiffs come to linking WFM Services' activities with their product purchase is their assertion that "[w]ithout Defendant's promotional efforts, Illinois residents like Plaintiffs might never shop

at Whole Foods or purchase Starkey Water." Pl.'s Resp. at 3-4, ECF No. 37. This statement, written in the subjunctive tense, only serves to highlight the tenuous relationship between their injuries and WFM Services' activities. A tenuous or hypothetical connection between the injury and the defendant's activities in the forum state cannot sustain personal jurisdiction. See *Curry*, 949 F.3d at 410 (drawing a contrast from *Advanced Tactical*, where personal jurisdiction did not exist because nothing "suggested that Indiana residents saw Real Action's email or website before purchasing products"); *Noboa v. Barcelo Corporacion Empresarial, S.A.*, No. 13 C 8966, 2015 WL 13050008, at *3 (N.D. Ill. Mar. 26, 2015), *aff'd*, 812 F.3d 571 (7th Cir. 2016) (finding connection between plaintiff's injury at a Mexico resort and contract with an Illinois-based website "too tenuous" to support personal jurisdiction).

The Supreme Court recently clarified this standard in *Ford Motor Company v. Montana Eighth Judicial District Court*, 492 U.S. __ (2021), stipulating that though "[w]e have never framed the specific jurisdiction inquiry as always requiring proof of causation," the defendant's forum-related activities must still "relate to" the plaintiff's injury. No. 19-368, slip op. at 8-9. There, the relationship between the plaintiffs' injuries and the defendant's activities was close enough to justify personal jurisdiction because of Ford's extensive advertising, sales, and services in the forum states for the particular car models involved. *Id.* at 12. Without Ford's expansive contacts with these states, the plaintiffs may never have purchased the cars in question. *Id.* at. 13.

The same cannot be said here. WFM Services is not responsible for marketing or promoting Starkey Water; its relationship to the product is constrained to displaying it on the Whole Foods website. Its relationship to Illinois consists of operating an interactive website that is accessible there, and yet, plaintiffs have not alleged that their purchase was in any way related to the website.

9

Because the plaintiffs' injury does not arise out of or relate to WFM Services' Illinois-related activities, this Court cannot exercise personal jurisdiction over WFM Services.

\* \* \*

For the reasons discussed, WFM Services' motion to dismiss is granted for lack of personal jurisdiction. The dismissal is with prejudice as to refiling in any Illinois court but without prejudice as to the merits of the plaintiffs' claim.

Date: April 1, 2021

John J. Tharp, Jr.
United States District Judge